O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON L. W.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | Case No. 8:18-cv-01704-KES<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## BACKGROUND

Plaintiff Alison L. W. ("Plaintiff") applied for Supplemental Security Income disability benefits on February 27, 2012, alleging disability commencing in 2009. Administrative Record ("AR") 469. She had been working[2] at Starbucks in 2008 but left because of pancreatitis. AR 44. She then injured her back in a car

---

[1] Effective November 17, 2017, Ms. Berryhill's title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

[2] A vocational expert ("VE") testified that none of Plaintiff's prior jobs were substantial gainful activity. AR 50.

accident in 2009, and that injury was aggravated by a fall in 2011. AR 42-43, 913.

An Administrative Law Judge ("ALJ") conducted hearings on October 23, 2013 (AR 36-53), October 28, 2014 (AR 95-104), March 3, 2015 (AR 54-69), and April 5, 2018 (AR 70-93), at which Plaintiff, who was represented by an attorney, appeared and testified, as did a vocational expert ("VE") and a medical expert ("ME"). On June 11, 2018, the ALJ issued an unfavorable decision. AR 12-26. The ALJ found that Plaintiff suffered from the medically determinable severe impairments of "post right knee surgery over ten years ago, post back surgery in 2010, complex tear of the right knee, radiculopathy with numbness and pain in right hand, seizures, obesity, degenerative disc disease ('DDD') of the cervical and lumbar spine, chronic migraines, depressive disorder, anxiety disorder, and history of opioid dependency." AR 18. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work with some additional restrictions. AR 20. Of relevance here, the ALJ found that Plaintiff could stand and/or walk for six hours out of an eight-hour workday with normal breaks. Id. In the social security disability benefits context, "normal breaks" means a morning, lunch, and afternoon break. See Learnaham v. Astrue, No. 2:09-cv-01143 KJN, 2010 U.S. Dist. LEXIS 93121, at *18-19 (E.D. Cal. Sep. 1, 2010).

Based on the RFC and the VE's testimony, the ALJ found that Plaintiff could work as an office helper, mail clerk, and small products assembler. AR 25. The ALJ concluded that Plaintiff was not disabled. AR 26.

## II.
## ISSUES PRESENTED

Issue One: Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony.

Issue Two: Whether the ALJ properly considered the opinion of Dr. Kreidie.

Issue Three: Whether the ALJ properly considered the opinion of Dr. Gross,

1 | Plaintiff's treating back surgeon.

Issue Four: Whether the ALJ properly considered the opinion of Dr. Khan.

Issue Five: Whether the ALJ improperly credited the opinion of the ME, Dr. Ostrow.

(Dkt. 21, Joint Stipulation ["JS"] at 2-3.)

## III.

## DISCUSSION

### A. ISSUE ONE: Plaintiff's Subjective Symptom Testimony.

Plaintiff contends that the only reason given by the ALJ for discrediting her subjective symptom testimony was the lack of supporting objective evidence. (JS at 6-7.) This was legally improper and not supported by substantial evidence. (JS at 7-8, 10-11.)

Defendant suggests that the ALJ gave three other reasons: (1) Plaintiff's course of treatment was more conservative than one would expect for a person as impaired as Plaintiff claimed to be, and (2) Plaintiff failed to follow prescribed treatment, and (3) Plaintiff's testimony was inconsistent with her reported activities. (JS at 14-16.)

The ALJ contrasted Plaintiff's reported activities with her claimed mental impairments, but not her claimed physical impairments. AR 22-23. Plaintiff is no longer asserting a mental disability. (JS at 17, 19.) It is unclear if the ALJ intended to cite inconsistency between Plaintiff's then-claimed mental impairments and her activities as a reason to disbelieve Plaintiff's claims of physical impairment and, if so, whether that would be a clear and convincing reason. Neither party briefed these issues on appeal.

The Court agrees with Plaintiff that while the ALJ summarized medical records (including some indicating that her pain improved with medication), the ALJ never cited conservative treatment as a reason to discredit Plaintiff's subjective symptom testimony. See AR 21-22.

The ALJ discussed the fact that Plaintiff had been prescribed Seroquel but did not take it during the day to avoid drowsiness. AR 22. The Court sees no other discussion of Plaintiff's purported failure to follow prescribed medical treatment, and Defendant cites none. (JS at 15.)

The Court identifies these issues so that they can be addressed on remand. The Court does not decide whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony, because legal error in the treatment of Dr. Gross's opinion requires remand.

**B. ISSUE THREE: Dr. Gross.**

In May 2013, Dr. Gross opined that Plaintiff could not "sit, walk, or run for prolonged periods" and her "lifting and bending" were "limited." AR 643. He opined that her condition was permanent until "L4-S1 decompression and fusion surgery." Id. He opined that Plaintiff's condition was "suitable" for some form of employment "with limitations and/or accommodations." Id.

The ALJ gave Dr. Gross's opinion "substantial" weight for being consistent with his own clinical observations and the other evidence. AR 24. Nevertheless, the ALJ found that Plaintiff could "perform a range of light work" including jobs that require standing or walking for six hours per day. AR 20.

Plaintiff argues that either (1) Dr. Gross's restriction against "prolonged" sitting and walking is inconsistent with the RFC, such that the ALJ erred by not giving a reason for rejecting his restriction, or (2) Dr. Gross's restriction against "prolonged" sitting and walking is ambiguous, such that the ALJ erred in giving it substantial weight without first seeking clarification. (JS at 25.) According to Plaintiff, "The ALJ should have explained how [Dr. Gross's] opinion is compatible with light work, or the ALJ should have re-contacted the physician to ascertain what the doctor meant by this limitation." (JS at 27.)

Defendant argues that the ALJ could reasonably have interpreted a restriction against "prolonged" sitting or walking as consistent with light work, and

4

the ALJ's interpretation is entitled to deference.  (JS at 26.)  In other words, a worker who takes regular breaks never engages in "prolonged" work activity, because he/she takes breaks about every two hours.

The term "prolonged" is not defined in the social security regulations. Social Security Rule ("SSR") 83-12, however, states that most light work requires "prolonged" walking, as follows:

> In some disability claims, the medical facts lead to an assessment of RFC which compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing.  The individual may be able to sit for time, but must then get up and stand or walk for a while before returning to sitting.  Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the ***prolonged*** standing or walking contemplated for most light work.

SSR 83-12 (emphasis added); Petrosyan v. Sullivan, No. 91-55343, 1992 U.S. App. LEXIS 4706, at *5 (9th Cir. Mar. 16, 1992) ("The Secretary has made it clear that … light work calls for prolonged standing or walking.") (citing SSR 83-12). Recent cases in this district have found that light work in inconsistent with a restriction against prolonged walking.  See Donald v. Colvin, No. EDCV 13-01334-JEM, 2014 U.S. Dist. LEXIS 91953, at *17 (C.D. Cal. July 3, 2014) ("Light work with a preclusion from prolonged standing or walking would permit an individual with those limitations to perform … light exertion sit/stand jobs …."); Jenkins v. Astrue, 628 F. Supp. 2d 1140, 1149 (C.D. Cal. 2009) ("A preclusion against … prolonged standing or walking is not … consistent with the ability to perform the full range of light work, which requires standing or walking for six hours in an eight-hour day.").

In light of these authorities, it would not have been reasonable for the ALJ to interpret Dr Gross's opinion as consistent with light work with no sit/stand option. The ALJ did not include a sit/stand option in Plaintiff's RFC or ask the VE how such an option might erode the number of available jobs. The Court cannot conclude that this error was harmless. "Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base." SSR 83-12.

## IV.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that that judgment shall be entered REMANDING the decision of the Commissioner denying benefits for further administrative proceedings consistent with this opinion.

DATED: May 30, 2019

_Karen E. Scott_
_____
KAREN E. SCOTT
United States Magistrate Judge